UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DON F.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C22-619-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinion evidence. (Dkt. # 13 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1975, has two years of college education, and has worked as a poultry factory processor. AR at 254. Plaintiff was last gainfully employed in 2017. *Id*.

ORDER - 1

In September 2019, Plaintiff applied for benefits, alleging disability as of January 1, 2017.[1] AR at 218-24. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 113-21, 123-39. After the ALJ conducted a hearing in February 2021 (*id*. at 32-54), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-26.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

---

[1] The record also references two prior applications that were denied, as well as evidence considered in connection with a prior application. *See, e.g.*, AR at 93-104, 248-49, 330-53.

ORDER - 2

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

Plaintiff challenges the ALJ's assessment of multiple medical opinions, each of which the Court will address in turn.

#### A.   Legal Standards

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### B.   Treating Physician Mohsin Ali, M.D.

Dr. Ali wrote a letter in May 2018 listing Plaintiff's diagnoses and indicating that he could not work full-time, but could "probably" work part-time with support. AR at 361. The ALJ did not assess the persuasiveness of this letter, as Plaintiff contends he was required to do by regulation. (Dkt. # 13 at 3-5.)

The regulations require ALJs to assess the persuasiveness of each medical opinion in the record, but Dr. Ali's letter does not constitute a medical opinion under the regulatory definition. *See* 20 C.F.R. § 416.913(a)(2)(i) (defining a medical opinion as "a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s) and whether [the claimant has] one or more impairment-related limitations or restrictions" in the functional areas defined by regulation). Dr. Ali's letter does not describe any particular workplace functional

ORDER - 3

limitations, nor does it describe what Plaintiff can still do despite his impairments. AR at 361. Accordingly, Dr. Ali's letter does not constitute a medical opinion and the ALJ did not err in failing to assess its persuasiveness.

### C. Examining Psychologist Tasmyn Bowes, Psy.D.

Dr. Bowes examined Plaintiff in September 2019 and completed a DSHS form opinion indicating that Plaintiff had several moderate mental limitations. AR at 362-67. The State agency consultants reviewed Dr. Bowes's opinion and adopted it. *See id*. at 64, 81. The ALJ found the State agency opinions persuasive (*id*. at 24), but did not explicitly assess the persuasiveness of Dr. Bowes's opinion.

The Commissioner concedes that the ALJ erred in failing to explicitly assess Dr. Bowes's opinion, but contends that the error is harmless because the ALJ's RFC assessment is nonetheless consistent with Dr. Bowes's opinion. (Dkt. # 14 at 6-7.) The Court agrees, because the State agency consultants adopted Dr. Bowes's opinion and accounted for the limitations she assessed, and the ALJ's RFC assessment is consistent with the limitations described in the State agency opinions. *See* AR at 19-20, 64, 67-69, 81, 84-86. Thus, because the ALJ's RFC assessment is consistent with Dr. Bowes's opinion, his error in failing to explicitly assess Dr. Bowes's opinion did not prejudice Plaintiff.

Plaintiff contends that Dr. Bowes's opinion describes limitations that would be disabling, in light of the vocational expert's ("VE") testimony that an employee that is off-task more than 5% of a workday or absent more than once per month could not sustain a job. (Dkt. # 13 at 5 (citing AR at 52).) But Dr. Bowes did not opine that Plaintiff would have either of those limitations, nor did she indicate that Plaintiff would cause conflicts with his co-workers, which the VE testified would not be tolerated in the workplace. AR at 53. Because Plaintiff has not

ORDER - 4

identified any particular functional limitation identified by Dr. Bowes that is not accounted for in the ALJ's RFC assessment, Plaintiff has not met his burden to show harmful legal error in the ALJ's decision with respect to this opinion.

### D.     Treating Counselor Suzanne Saltzer, LSWAIC, MHP

Ms. Saltzer completed forms and wrote a letter in February 2021 indicating that Plaintiff had disabling mental limitations. AR at 808-13. The ALJ agreed with Ms. Saltzer that Plaintiff's symptoms cause moderate limitations, but the ALJ found Ms. Saltzer's opinions unpersuasive to the extent that she described more severe limitations because such limitations were inconsistent with the longitudinal record as well as "the type and degree of treatment needed[,]" and also inconsistent with Plaintiff's ability to take public transportation, live independently, and work part-time. *Id*. at 24.

Most of the ALJ's consistency findings are supported by substantial evidence in the record.[2] The longitudinal record does contain some abnormal mental findings, particularly as to Plaintiff's thought content and thought form, along with some normal findings. *See, e.g.*, AR at 513-14 (many normal findings, but abnormal as to thought content and form), 517-18 (same), 587-88 (same), 591-92 (same), 595-96 (same), 599-600 (same), 777 (normal mental findings). Also, as noted *supra*, Dr. Bowes referenced normal and abnormal findings, and concluded that Plaintiff's limitations were moderate. *See id*. at 365-67.

Moreover, as emphasized by the ALJ (AR at 24), Plaintiff reported that he was able to use public transportation, and at the time of the administrative hearing he had recently moved into an apartment of his own. *See id*. at 37-40, 281-83. Plaintiff reported an ability to perform

---

[2] The Court agrees with Plaintiff (dkt. # 13 at 8) that the ALJ erred in finding Ms. Saltzer's conclusions to be inconsistent with Plaintiff's course of treatment, but this error is harmless because the ALJ provided the valid reasoning described in the remainder of this paragraph, *infra*.

ORDER - 5

temporary day-labor jobs during the adjudicated period, until the COVID-19 pandemic made such work unavailable. *See id*. at 37-40, 590, 594, 609-10. Such activities are reasonably inconsistent with the disabling social and concentration deficits described by Ms. Saltzer.

Because the ALJ referenced evidence inconsistent with Ms. Saltzer's opinions, the ALJ reasonably found her opinions less persuasive on this basis.

### E.     Treating Counselor Jamie Fredrickson, LMFT

Ms. Fredrickson completed a form opinion in November 2019 identifying Plaintiff's moderate, marked, or extreme limitations as to memory, concentration, social functioning, and adaptation. AR at 570-73. The ALJ found that the marked and extreme limitations identified by Ms. Fredrickson were unpersuasive because Plaintiff's mental status examinations showed "no significant deficits in memory skills and insight." *Id*. at 24.

There are indeed many mental status examinations wherein Plaintiff is described to have intact memory and unimpaired insight. *See, e.g.*, AR at 514, 518, 588, 592, 596, 600; *but see id*. at 366-67 (intact memory but "limited" insight). Such findings are reasonably inconsistent with Ms. Fredrickson's conclusion that Plaintiff would be markedly limited in his ability to remember locations and work-like procedures, and in his ability to set realistic goals or make plans independently. *See id*. at 572-73. By comparing Ms. Fredrickson's conclusions with the remainder of the record, and referencing evidence inconsistent with Ms. Fredrickson's conclusions, the ALJ properly assessed whether her conclusions were consistent with the record.

Plaintiff emphasizes that although clinicians assessed some normal findings, they also observed him to have a "frustrated and depressed" affect, with a constricted range and tangential thought form. (Dkt. # 13 at 11 (citing AR at 595-96)). But Plaintiff does not explain why those abnormal findings would necessarily suggest that he is more limited than found by the ALJ.

Moreover, although Plaintiff suggests that the ALJ erred in citing only one mental status examination in the decision to support his interpretation of the record (dkt. # 13 at 11-12), the Court reviews the ALJ's reasoning for the support of substantial evidence in the entire record, and is not limited to reviewing only the portions of the record explicitly cited by the ALJ. *See, e.g.*, *Woods*, 32 F.4th at 788 ("Under the substantial-evidence standard, we look to the existing administrative record and ask whether it contains sufficient evidence to support the agency's factual determinations." (cleaned up)); *Molina*, 674 F.3d at 1110 (providing that a reviewing court may "reverse only if the ALJ's decision was not supported by substantial evidence *in the record as a whole* or if the ALJ applied the wrong legal standard" (emphasis added)).

The record contains substantial evidence inconsistent with Ms. Fredrickson's opinion and the ALJ reasonably found her opinion less persuasive on this basis.

F.  **State Agency Psychological Consultants**

The ALJ found the opinions of the State agency psychological consultants (AR at 56-88) to be persuasive because their opinions were consistent with the record of Plaintiff's depressed mood and tangential thought form, as well as with Plaintiff's prescribed medication regimen. *Id.* at 24.

Plaintiff raises two challenges to the ALJ's assessment of the State agency opinions. First, Plaintiff contends that the ALJ failed to fully account for the State agency consultants' opinion that he would "do best" with no public contact (AR at 68, 85), because the ALJ limited him to incidental interaction with the general public rather than completely prohibiting public contact. (Dkt. # 13 at 14.)

The Court finds no inconsistency between the social limitations described in the State agency opinions and the ALJ's RFC assessment because a description of Plaintiff's optimal

ORDER - 7

working environment does not equate to an opinion as to the most he can do (*i.e.*, his RFC). *See* 20 C.F.R. § 416.945(a)(1) (RFC "is the most you can still do despite your limitations"). In assessing a claimant's RFC, an ALJ may "rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)). Because the State agency consultants recommended that Plaintiff would "do best" with no public contact, but did not find him incapable of tolerating incidental interaction, the ALJ's RFC assessment is not inconsistent with the State agency opinions. Plaintiff has failed to establish error in this aspect of the ALJ's decision.

Plaintiff goes on to challenge the ALJ's overall assessment of the State agency opinions, contending that the ALJ's reasoning does not clearly explain why the opinions were found persuasive. (Dkt. # 13 at 13-14.) Plaintiff is mistaken: the ALJ stated that the moderate limitations listed in the State agency opinions were consistent with various abnormal findings in Plaintiff's treatment record as well as his medication regimen, which explains why he credited the limitations identified by State agency opinions. *See* AR at 24. Plaintiff suggests that the ALJ's explanation is deficient because he did not explain why the evidence would not support additional limitations (dkt. # 13 at 13), but Plaintiff cites no authority requiring such an explanation and the Court is aware of no such requirement. Plaintiff has not established that the ALJ erred in finding that the State agency opinions were consistent with the record, and thus has failed to meet his burden to show harmful legal error in the ALJ's assessment of the State agency opinions.

ORDER - 8

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 2nd day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge